IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRUCE P. WILLIAMS,  :  <br> : <br> Plaintiff,  : <br> : <br> v.  : <br> : <br> US BANK NATIONAL ASSOCIATION  : <br> a/k/a US Bankcorp Portfolio Services, as  : <br> Trustee for Credit Suisse First Boston,  : <br> WELLS FARGO BANK, N.A., and  : <br> MORTGAGE ELECTRONIC  : <br> REGISTRATION SYSTEMS, INC.   c/o  : <br> Shapiro & Swertfeger, LLC,  : <br> : <br> Defendants.  : | Civil Action No. <br> 1:12-CV-03943-TWT-JCF |

**ORDER and REPORT AND RECOMMENDATION**

This case is before the Court on Plaintiff's application to proceed *in forma pauperis* (Doc. 1) and Defendants' motion to dismiss Plaintiff's Complaint (Doc. 7). After consideration of Plaintiff's affidavit in support of his request to proceed *in forma pauperis* (Doc. 1), the Court **GRANTS** Plaintiff's request pursuant to 28 U.S.C. § 1915(a), and Plaintiff shall be allowed to proceed with this action without prepayment of filing or United States Marshal Service fees. However, for the reasons discussed below, the undersigned **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED in part and DENIED in part without prejudice** and that this case be **STAYED and ADMINISTRATIVELY**

1

**CLOSED** until the Georgia Supreme Court answers questions certified by United States District Court Judge Julie E. Carnes in *Chae Yi You v. JPMorgan Chase Bank, N.A.*, Civil Action No. 1:12-CV-00202-JEC, discussed below.

### **Factual Background**[1]

On November 9, 2004, Plaintiff obtained a mortgage loan for $170,000.00 from Everbank ("the Loan"), secured by property at 1430 Stamphill Way, Lawrenceville, Georgia 30043 ("the Property"), and evidenced by a Promissory Note ("the Note") executed in favor of Everbank and its successors and assigns, promising to repay the Loan amount.  (*See* Doc. 1-3).  Plaintiff also signed a Security Deed ("the Security Deed" or "the Deed") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Everbank and its successors and assigns, granting MERS a first priority security interest in the Property to secure Plaintiff's indebtedness under the Note.  (Doc. 7-2).  The Security Deed provided that Plaintiff granted to MERS, as nominee for the Lender

---

[1] These facts are taken from Plaintiff's Complaint, and from copies of documents referred to in the Complaint that relate to the loan transaction, subsequent assignment, and the foreclosure at issue, which are attached as exhibits to Defendants' motion to dismiss (Doc. 7).  In ruling on a motion to dismiss, the court may consider documents attached to the motion if those documents are central to the complaint and not in dispute.  *See Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999); *Okim v. Bank of Am.*, No. 1:12-cv-01759-TWT-GGB, 2012 U.S. Dist. LEXIS 168788, at *7 (N.D. Ga. Oct. 25, 2012) (noting that the court is authorized to consider documents attached to motions to dismiss where "the document is central to Plaintiff's claims, and the authenticity of the document has not been challenged").

and the Lender's successors and assigns, and MERS' successors and assigns, with power of sale of the Property. (*Id.*). On January 24, 2011, MERS assigned the Security Deed to U.S. Bank National Association as Trustee for Credit Suisse First Boston CSFB ARMT 2005-4. (*See* Doc. 7-3). On December 13, 2011, the Property was sold at a non-judicial foreclosure sale pursuant to the power of sale provision contained in the Security Deed. (*See* Doc. 7-4).[2]

## Discussion

Having determined that Plaintiff may proceed *in forma pauperis*, the Court must determine whether Plaintiff's claims may proceed, in light of 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) and with due consideration given to Defendants' motion to dismiss. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii), the Court is required to dismiss an *in forma pauperis* complaint at any time if the Court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted.

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To state a claim that can survive a

---

[2] The Deed Under Power reflecting the foreclosure sale shows that Wells Fargo was appointed as attorney in fact for US Bank National Association, as Trustee for ARMT 2005-4. (*See* Doc. 7-4).

motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678-79. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679. "Additionally, because Plaintiff[ is] acting pro se, [his] 'pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.' " *Shields v. Bank of Am.*, No. 2:11-CV-00267-RWS, 2012 U.S. Dist. LEXIS 30183, at * 3 (N.D. Ga. Mar. 6, 2012) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). " 'This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action.' " *Id.* (quoting *Thomas v. Pentagon Fed. Credit Union*, 393 Fed. Appx. 635, 637 (11th Cir. 2010)).

In this case, Plaintiff has filed a Complaint in which he challenges the actions of Defendants in foreclosing on his property. (*See* Doc. 1-1). His Complaint is brimming with conclusory allegations characteristic of numerous other cases that have been filed by plaintiffs (often unrepresented) in an effort to

delay, prevent or even reverse foreclosures and avoid debts owed.  Such lawsuits—wherein the plaintiffs often make rambling, incomprehensible and/or conclusory allegations about mortgage industry practices such as the securitization of mortgages, and the MERS assignment and registration system, allege that the promissory note and the security deed have been improperly "split" or separated, and demand to see the promissory note—have become commonplace.  *See, e.g., Curtis v. BAC Home Loans Servicing, LP*, No. 5:10-CV-226-MTT, 2010 U.S. Dist. LEXIS 109400, at *3-5 & n.1 (M.D. Ga. Oct. 14, 2010) (finding that "the vast majority of the Plaintiff's allegations [related to a residential mortgage loan transaction and similar to those made in the instant case] are wholly incomprehensible" and noting that seven cases on that judge's docket used virtually the same form complaint); *Watts v. Ocwen Loan Servicing, LLC*, No. 5:10-cv-238 (CAR), 2010 U.S. Dist. LEXIS 73486, at *1, 4 (M.D. Ga. July 21, 2010) (finding that the plaintiff's lawsuit, "the latest in a series of lawsuits filed in his effort to forestall foreclosure," was "largely incomprehensible," and "appear[ed] to be nothing more than an attempt to use frivolous and abusive litigation to forestall a lawful foreclosure so that Plaintiff [could] continue to live in a house that he ha[d] occupied, rent-free, for twenty-two months.").[1]

---

[1] The plaintiff in *Watts* advanced theories similar to those advanced by Plaintiff here: "(1) that the assignment of the loan to Defendant was somehow wrongful or fraudulent; and (2) that the security interest was void because Defendant failed to

5

Many of Plaintiff's allegations are insufficient to state a claim upon which relief can be granted, as argued by Defendants. In the first place, although Plaintiff cites to the Truth in Lending Act ("TILA"), the Fair Debt Collection Practices Act ("FDCPA"), "O.C.G.A. 119 9§210" [sic] and O.C.G.A. § 11-9§625" [sic] (*see* Doc. 1-1 at ¶¶ 17, 48-49), he alleges no facts to show *how* Defendants violated those statutes. Therefore, he has failed to state a claim under them. He also claims that Defendants failed to attach a copy of the promissory note giving rise to his indebtedness (*see id.* at ¶¶ 42-44), but "his claim appears to be an attempt to repackage a 'produce the note' argument that has been repeatedly rejected by this court, and is therefore due to be dismissed." *Clarke v. Branch Banking & Trust Co.*, No. 1:12-CV-03383-JEC-RGV, 2013 U.S. Dist. LEXIS 49875, at *22 (N.D. Ga. Mar. 4, 2013) (listing cases). Plaintiff also appears to challenge MERS' assignment of the Security Deed to U.S. Bank National Association (*see* Doc. 1-1 at ¶¶ 26-27), but "as a stranger to the Assignment, Plaintiff lacks standing to challenge it." *Milburn v. Aegis Wholesale Corp*. No. 1:12-CV-01886-RWS, 2013 U.S. Dist. LEXIS 36664, at *9 (N.D. Ga. Mar. 18, 2013). Accordingly, that claim also fails.

Plaintiff does appear to allege, however, that Defendants were not authorized to foreclose on his property because they do not hold the promissory

---

produce the original signed Note and Security Deed to Plaintiff." *Watts*, 2010 U.S. Dist. LEXIS 73486, at *2.

note.  (*See generally* Doc. 1-1 at ¶¶ 22-41).  "[A] claim for wrongful exercise of a power of sale under O.C.G.A. § 23-1-114 can arise when the creditor has no legal right to foreclose."  *Davis-Burton*, 2012 U.S. Dist. LEXIS 133080, at *18.  Furthermore, Georgia law requires that "[n]otice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor **by the secured creditor** no later than 30 days before the date of the proposed foreclosure."  O.C.G.A. § 44-14-162.2(a) (emphasis added); *see also Reese v. Provident Funding Assocs., LLP*, 730 S.E.2d 551, 552 (Ga. Ct. App. 2012) (explaining that O.C.G.A. § 44-14-162.2(a) "require(s) that the notice properly identify the secured creditor and reflect that the notice is being sent by the secured creditor or by an entity with authority on behalf of the secured creditor").

In their motion to dismiss, Defendants do not assert that they hold the promissory note.  Instead, they argue that they were authorized to foreclose because they hold the security deed, which allowed them to exercise the power of sale. (Doc. 7, Def. Br. at 6-9).  This argument finds ample, but not unanimous, support in this District's case law.  "In this district, the majority view is that the security deed holder has the power to foreclose."  *Davis-Burton*, 2012 U.S. Dist. LEXIS 133080, at *19 (citing *LaCosta v. McCalla Raymer, LLC*, No. 1:10-CV-1171-RWS, 2011 U.S. Dist. LEXIS 5168 (N.D. Ga. Jan. 18, 2011) (Story, J.)); *see also Chae Yi You v. JPMorgan Chase Bank, N.A.*, No. 2012 U.S. Dist. LEXIS

7

127461, at *12-13 (N.D. Ga. Sept. 7, 2012) (explaining that "[a]s most judges in this district have done, the Magistrate Judge rejected an argument that a deed holder cannot validly enforce its security interest under Georgia law without also holding the note or owning the underlying debt obligation" (citing *LaCosta* and *Kabir v. Statebridge Co., LLC*, No. 1:11-cv-2747-WSD, 2011 U.S. Dist. LEXIS 109778 (N.D. Ga. 2011) (Duffey, J.).

In *LaCosta*, the court rejected the plaintiff's argument that in order to proceed with a foreclosure sale, the foreclosing entity must possess both the promissory note and the security deed. The court noted that the plaintiff had "failed to draw the Court's attention to any Georgia statute or decision interpreting Georgia law that precludes the holder of the security deed from proceeding with a foreclosure sale simply because it does not also possess the promissory note." 2011 U.S. Dist. LEXIS 5168, at *16. The court also observed that the plain language of the deed granted by the plaintiff granted "MERS and its assigns 'the right to foreclose and sell the Property,' " and "disclosed no intent on the part of Plaintiff to restrict MERS or its assigns from selling the property if the Note and Deed were not in the possession of the same entity." *Id.* at *16-18.

"A minority view has arisen, however, which holds that it is only the note holder who can properly foreclose." *Davis-Burton*, 2012 U.S. Dist. LEXIS 133080, at *19 (citing *Stubbs v. Bank. of Am.*, 844 F. Supp. 2d 1267, 1273 n. 3

8

(N.D. Ga. 2012) (Totenberg, J.)); *see also You*, 2012 U.S. Dist. LEXIS 127461, at *15 (explaining that "[t]he reasoning of the *LaCosta* decision and progeny has not been universally followed in this district, however" (citing *Stubbs* and *Morgan v. Ocwen Loan Serv.*, 795 F. Supp. 2d 1370, 1375 (N.D. Ga. 2011) (Totenberg, J.)); *Patterson v. CitiMortgage, Inc.*, No. 2012 U.S. Dist. LEXIS 138331, at *34-35, 38 (N.D. Ga. Sept. 26, 2012) (agreeing "with the majority of judges on this Court who have considered the issue and held that the holder of a security deed need not also possess or hold the note to conduct foreclosure proceedings validly under Georgia law," but acknowledging "that there is contrary authority in this district" (citing *Morgan* and *Stubbs*)).

In *You*, Chief District Court Judge Julie E. Carnes found "[t]he LaCosta decision is grounded in well-established principles of contract law," and "consistent with Georgia law."  2012 U.S. Dist. LEXIS 127461, at *13-14. However, she also acknowledged that, as evidenced by the differing views held by judges in this District, "Georgia law is unclear on one of the determinative questions at issue in this case: whether a deed holder who does not also hold the note, or have an interest in the underlying debt obligation, can validly institute foreclosure proceedings." *Id.* at *17.  In addition, the Court found that, in light of the uncertainty in Georgia law as to whether a "secured creditor" is the deed holder or the note holder and in light of the recent decision of the Georgia Court of

9

Appeals in *Reese, supra*, requiring the notice of foreclosure to identify the secured creditor, the Court could not determine whether the defendant's notice of foreclosure complied with O.C.G.A. § 44-14-162.2(a). *Id.* at *20-28. Therefore, on September 7, 2012, Judge Carnes certified the following questions to the Supreme Court of Georgia:

> (1) Can the holder of a security deed be considered to be a secured creditor, such that the deed holder can initiate foreclosure proceedings on residential property even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the debt?
> (2) Does O.C.G.A. § 44-14-162.2(a) require that the secured creditor be identified in the notice prescribed by that statute?
> (3) If the answer to the preceding question is "yes," (a) will substantial compliance with this requirement suffice and (b) did defendant Chase substantially comply in the notice it provided in this case?

(*See* Doc. 16 in *You v. JPMorgan Chase Bank, N.A.*, Civil Action No. 1:12-CV-00202-JEC). To date, those questions remain unanswered.

The undersigned finds persuasive the majority view's reasoning, as explained in *LaCosta*, for finding that a security deed holder is authorized to initiate foreclosure proceedings, regardless of whether it is also the note holder. However, in light of the pending certified questions, the prudent approach is to wait for the Supreme Court of Georgia's answers before considering contentions relating to whether Defendants were authorized to foreclose on Plaintiff's property under Georgia law by virtue of holding the Security Deed. The undersigned therefore **RECOMMENDS** that Plaintiff's Complaint be allowed to proceed on

the wrongful foreclosure claim, to the extent that that it is based on Defendants not being the holder of the Promissory Note, and that Defendants' motion to dismiss that claim be **DENIED without prejudice**. However, rather than allowing Plaintiff's Complaint to be served on Defendants[3] at this point, it is further **RECOMMENDED** that this case be **STAYED** and **ADMINISTRATIVELY CLOSED**, pending the response of the Supreme Court of Georgia to the questions certified in *You*. *See, e.g.*, *Patterson*, 2012 U.S. Dist. LEXIS 138331, at *39, 47-48 (N.D. Ga. Sept. 26, 2012) (denying defendant's motion to dismiss without prejudice and administratively closing case pending the Supreme Court of Georgia's resolution of the questions certified in *You v. JPMorgan Chase*); *Borges v. Bank of Am., N.A.*, No. 1:11-cv-3363-JEC, 2012 U.S. Dist. LEXIS 133921, at *5 (N.D. Ga. Sept. 19, 2012) (staying case pending resolution by the Supreme Court of Georgia of the certified questions); *Davis v. Bank of Am., N.A.*, No. 1:11-cv-4552-JEC-RGV, 2012 U.S. Dist. LEXIS 128290, at *15 (N.D. Ga. Sept. 10, 2012) (denying without prejudice motion to dismiss wrongful foreclosure claim and administratively closing case pending Supreme Court of Georgia's resolution of certified questions).

---

[3] Defendants also move to dismiss Plaintiff's Complaint for failure to serve them with the summons and Complaint (*see* Doc. 7, Def. Br. at 12-14), however, before a complaint filed by a plaintiff proceeding *in forma pauperis* can be served, the Court must conduct the review required by 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) to determine whether it is frivolous or fails to state a claim upon which relief can be granted.

As to all other claims, for the reasons discussed above, the undersigned **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED**.

### Summary

It is **ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Doc. 1) is **GRANTED**.

It is **RECOMMENDED** that, to the extent that Plaintiff contends that Defendants were not authorized to foreclose on his property because they were not the Promissory Note holder, Defendants' motion to dismiss (Doc. 7) be **DENIED without prejudice**, pending the Supreme Court of Georgia's answer to the pending certified questions.  It is further **RECOMMENDED** that Defendants' motion to dismiss Plaintiff's remaining claims, including any *other* ground for claiming that the foreclosure at issue was wrongful, be **GRANTED**.

Finally, it is **RECOMMENDED** that the case be **STAYED** and **ADMINISTRATIVELY CLOSED** pending the Supreme Court of Georgia's resolution of the questions certified in *You v. JPMorgan Chase, supra*, with direction to the parties to file, **no later than twenty-one (21) days** after the Supreme Court of Georgia answers those questions, a status report stating whether the case should proceed.  The parties are directed to attempt to present a joint status report, and if those efforts fail, the parties may file their own status reports.

**IT IS SO ORDERED, REPORTED AND RECOMMENDED** this  12th  day of April, 2013.

                                            /s/  *J. CLAY FULLER*
                                            J. CLAY FULLER
                                            United States Magistrate Judge