IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BRUCE P. WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 1:12-CV-03943-TWT-JCF |
| US BANK NATIONAL ASSOCIATION | : | |
| a/k/a US Bankcorp Portfolio Services, as | : | |
| Trustee for Credit Suisse First Boston, | : | |
| WELLS FARGO BANK, N.A., et al., | : | |
| | : | |
| Defendants. | : | |

## FINAL REPORT AND RECOMMENDATION

This case is before the Court on Defendants' motion to dismiss Plaintiff's wrongful foreclosure claim. (*See* Doc. 7). Because the Georgia Supreme Court has now held that "[u]nder current Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed," *You v. JP Morgan Chase Bank, N.A.*, No. S13Q0040, 2013 Ga. LEXIS 454, at *16-17 (Ga. May 20, 2013), it is **RECOMMENDED** that Defendants' motion be **GRANTED**.

By Report and Recommendation dated April 12, 2013 (Doc. 8), the undersigned recommended that Defendants' motion to dismiss (Doc. 7) be granted as to all of Plaintiff's claims except for his wrongful foreclosure claim. That claim

1

featured allegations that Defendants, who held the security deed to the subject property, were not authorized to foreclose because they did not hold the promissory note.  (*See generally* Doc. 10 at ¶¶ 22-41).  In considering that claim, the undersigned noted that there was a split of authority in this District on whether a party who holds the security deed, but not the promissory note, can foreclose on its interest in the subject property.  *See Chae Yi You v. JPMorgan Chase Bank, N.A.*, No. 1:12-cv-202-JEC-AJB, 2012 U.S. Dist. LEXIS 127461, at *15-16 (N.D. Ga. Sept. 7, 2012) (explaining that "a split of authority has developed as to whether a deed holder who does not also possess the note can validly institute foreclosure proceedings under Georgia law").  In light of that conflict, on September 7, 2012, Chief District Court Judge Julie E. Carnes had certified the following questions to the Georgia Supreme Court:

> (1) Can the holder of a security deed be considered to be a secured creditor, such that the deed holder can initiate foreclosure proceedings on residential property even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the debt?
> (2) Does O.C.G.A. § 44-14-162.2(a) require that the secured creditor be identified in the notice prescribed by that statute?
> (3) If the answer to the preceding question is "yes," (a) will substantial compliance with this requirement suffice and (b) did defendant Chase substantially comply in the notice it provided in this case?

(*See* Doc. 16 in *You v. JPMorgan Chase Bank, N.A.*, Civil Action No. 1:12-CV-00202-JEC).

When the undersigned originally considered Defendants' motion to dismiss in this case, the Georgia Supreme Court had not yet answered those questions. Therefore, the undersigned recommended that Defendants' motion to dismiss Plaintiff's wrongful foreclosure claim, to the extent that that it is based on Defendants not being the holder of the promissory note, be denied without prejudice, and this case be stayed until the Georgia Supreme Court answered those questions.

On May 20, 2013, the Georgia Supreme Court answered the first question in the affirmative as it stated "[u]nder current Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed." *You v. JP Morgan Chase Bank, N.A.*, No. S13Q0040, 2013 Ga. LEXIS 454, at *16-17 (Ga. May 20, 2013). The court answered the second question in the negative, i.e., the secured creditor is not required to be identified in the notice required by O.C.G.A. § 44-14-162.2, so long as the notice " 'include[s] the name, address, and telephone number of *the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor*.' " *Id.* at *17-18 (quoting O.C.G.A. § 44-14-162.2 (emphasis in original)).  Thus, the court was not required to reach the third question. *Id.*

On May 23, 2013, District Judge Thomas W. Thrash adopted the undersigned's April 12, 2013 Report and Recommendation, and re-submitted the case to the undersigned. (Doc. 11). In light of the Georgia Supreme Court's decision in *You*, the Defendants were authorized to foreclose on the subject property and exercise the power of sale by virtue of holding the security deed at the time of the foreclosure. (*See* Docs. 7-2 & 7-3). Therefore, the undersigned now **RECOMMENDS** that Defendants' motion to dismiss Plaintiff's wrongful foreclosure claim be **GRANTED**, and Plaintiff's Complaint be **DISMISSED** in its entirety.

## Summary

It is **RECOMMENDED** that Defendants' motion to dismiss (Doc. 7) be **GRANTED** on the only remaining claim, i.e., Plaintiff's wrongful foreclosure claim, and Plaintiff's Complaint be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the reference of this case to the undersigned Magistrate Judge.

**IT IS SO REPORTED AND RECOMMENDED** this 24th day of May, 2013.

    /s/ *J. CLAY FULLER*
J. CLAY FULLER
United States Magistrate Judge